IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO CAR CARE INC., on behalf of plaintiff and the class members defined herein, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | 19 C 7687 |
| v. | ) ) | Magistrate Judge Harjani |
| A.R.R. ENTERPRISES, INC., | ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING MOTION FOR**
**PRELIMINARY APPROVAL OF SETTLEMENT**

The Motion of Chicago Car Care Inc. ("Plaintiff") for Preliminary Approval of Class Action Settlement with Defendant A.R.R. Enterprises, Inc. ("Defendant" or "ARR") came on for hearing on January 13, 2022.

Having considered Plaintiff's moving papers, the signed Settlement Agreement (the "Settlement Agreement") attached as Appendix A to Plaintiff's Motion for Preliminary Approval, and all other evidence submitted concerning Plaintiff's motion, and being duly advised in the premises, the Court hereby preliminarily finds that:

(a) The Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class (as defined below).[1]

(b) The settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class.

---

[1] Unless otherwise defined herein, all capitalized terms used in this Order that are defined terms in the Settlement Agreement shall have the same meaning as set forth in the Settlement Agreement.

1

(c) The Class Notice (as described in the Settlement Agreement) fully complies with Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Litigation.

(d) With respect to the Settlement Class, and for settlement purposes only, certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). This Court finds that members of the Settlement Class will receive notice of the settlement through the notice program described below.

**IT IS THEREFORE ORDERED THAT:**

1. The settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

2. The following class (the "Settlement Class") is preliminarily certified solely for the purpose of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons with fax numbers, who on June 7, 2017, were sent transmissions in the form of <u>Exhibit A</u>, sent by or on behalf of ARR and received on a traditional fax machine or otherwise.

The Court makes a preliminary finding that this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b) in that: (i) the Settlement Class as defined in the Settlement Agreement is so numerous that joinder of all members is not practicable; (ii) there are questions of law and fact common to the Settlement Class; (iii) the claims of the Class Representative is typical of the claims of the Settlement Class, and the Class Representative will fairly and adequately protect the interests of the Settlement Class; (iv) the Class Representative

2

will fairly and adequately represent the interests of the Settlement Class; (v) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members; and (vi) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. The Court preliminarily appoints Plaintiff Chicago Car Care Inc. as Class Representative of the Settlement Class and finds that it meets the requirements of Fed. R. Civ. P. 23.

4. The Court preliminarily appoints the following lawyers as Settlement Class Counsel and finds that they meet the requirements of Fed. R. Civ. P. 23: Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC, 20 S. Clark Street, Suite 1500, Chicago, Illinois 60603.

5. Pursuant to the Settlement Agreement, Defendant has agreed to pay three hundred fifteen thousand dollars ($315,000.00) into the Settlement Fund. The Settlement Fund is to be established and maintained by the Settlement Class Administrator for the explicit purpose of issuing and/or paying the Settlement Class Recovery with respect to the Settlement Class and Settlement Class Members, any incentive award to Plaintiff, any award of attorneys' fees and costs to Settlement Class Counsel, and any other expenditure authorized by this Court. Costs and expenses incurred by the Settlement Class Administrator (the "Notice and Administrative Expenses") in connection with its role, responsibilities, duties, and obligations relating to the Settlement Agreement, including, but not limited to, costs and expenses associated with notice, claims administration, and distribution of settlement checks, shall exclusively come from the Settlement Fund, anticipated in the amount of $15,340.00. Attorneys' fees and costs awarded to Settlement Class Counsel and the incentive award awarded to the Class Representative will be

exclusively paid from the Settlement Fund. Class Members will receive a pro-rata share of the Settlement Fund per unique fax transmission after Settlement Class Counsel's fees and costs awards, Class Representative's incentive award, Notice and Administrative Expenses, and any other expenditure authorized by the Court are deducted from the Settlement Fund.

6. If (i) the Settlement Agreement is terminated pursuant to its terms; (ii) the Settlement Agreement, the Preliminary Approval Order, and/or the Final Approval Order do not for any reason become effective; or (iii) the Settlement Agreement, Preliminary Approval Order, and/or Final Approval Order are reversed, vacated, or modified in any material respect which is not agreeable to all Parties, then (a) all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including without limitation, this Order and the certification of the Settlement Class, which shall have no further force and effect and shall not be offered in evidence or used in the Litigation or any proceeding for any reason whatsoever; (b) the Parties shall stand in the same posture, procedurally and substantively, as if the Agreement had not been negotiated, made or filed with the Court; (c) the Parties' rights and defenses will be restored without prejudice to the status quo ante prior to his Agreement.

In the event that (i) the Settlement Agreement is terminated pursuant to its terms; (ii) Defendant withdraws from the Agreement; (iii) the Agreement does not become effective; or (iv) the Final Approval Order is reversed, vacated or modified in any material respect which is not mutually acceptable to the Parties, then the Settlement Class Administrator shall return to Defendant within three (3) business days all funds paid or otherwise received from the Settlement Fund, less any reasonable costs (anticipated in the amount of $15,340.00) that were incurred before any of the aforementioned events and in good faith. If the settlement does not become final in accordance with the terms of the Settlement Agreement, then the Preliminary Approval Order

4

and/or the Final Approval Order shall be null and void and shall be deemed automatically vacated. Plaintiff and Defendant reserve all procedural and substantive rights in existence as of the date of execution of the Agreement, and the doctrines of res judicata, collateral estoppel or law of the case shall not be applied as related to the Agreement.

7. The Court approves, as to form and content, the Notice of Class Action Settlement and Claim Form attached to the Settlement Agreement as Exhibit 1 and finds that the Parties' proposed plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and adopted.

8. The Court appoints Class-Settlement.com as the Settlement Class Administrator.

9. Within thirty-five days after the entry of this Order Class-Settlement.com shall send the Notice and Claim Form via fax, substantially in the form of Exhibit 1, to the facsimile numbers identified on the Fax List. The Settlement Class Administrator shall make at least two additional attempts to transmit the Notice by fax to those numbers where the initial transmission failed. After a total of three unsuccessful attempts to transmit the notice to a member of the Settlement Class, the Settlement Class Administrator shall determine if a valid mailing address is ascertainable for those fax numbers on the Fax List. If a mailing address is ascertainable, the Settlement Class Administrator shall mail the Notice and Claim Form to the Settlement Class Member via First Class U.S. mail, with a request for forwarding addresses, to the address ascertained that is associated with the fax number of each person in the Settlement Class identified on the Fax List. Settlement Class Counsel will also publish the Notice, Exhibit A to the complaint, and the Settlement Agreement (excluding exhibits) on their firm's website at their own expense. The Settlement Class Administrator will also create a website that allows for electronic submission of claims, and posts copies of the complaint, Exhibit A to the complaint, answer, the Notice and

Claim Form, the Motion for Preliminary Approval, the Preliminary Approval Order, Settlement Class Counsel's Fee Petition, and the Settlement Agreement (excluding exhibits). This combined notice program fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the proposed settlement of this lawsuit. The Court finds that no other notice is necessary.

10. To effectuate the settlement, the Court establishes the following deadlines for the events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines in the Notice and Claim Form:

(a) Claim Forms shall be returned by Settlement Class Members online, by fax, or mail postmarked on or before April 18, 2022. Claims not submitted online or postmarked by this date shall be forever barred.

(b) Objections of Class Members or any appearance of an attorney on behalf of a Class Member shall be filed in this Court and served by mail postmarked to Settlement Class Counsel and Defendant's Counsel on or before April 18, 2022, or shall be forever barred. Each objection must contain the following information: (i) the objector's full name (or business name, if the objector is an entity), address, fax number to which the fax(es) were sent, and signature of the objector; (ii) a signed statement of the objection to the Settlement Agreement; (iii) an explanation of the legal and factual basis for the objection; and (iv) documentation, if any, to support the objection. A Settlement Class Member who has timely filed a written objection may appear at the Final Approval Hearing in person or through counsel to be heard regarding his/her/its objection. However, it is not necessary

for a Settlement Class Member who has filed a valid and timely objection to appear at the Final Approval Hearing.

(c) All memoranda filed by any Settlement Class Member in connection with objections must be filed in this Court and served on Settlement Class Counsel and counsel for Defendant by mail postmarked on or before April 18, 2022, or shall be forever barred.

(d) Requests for exclusion by any person in the Settlement Class to opt out of the settlement must be mailed to the Settlement Class Administrator and postmarked on or before April 18, 2022, or shall be forever barred. A notice of intention to opt out must contain the following information: (a) the full name (or business name, if the opt-out is an entity), address, telephone and the fax number (to which the fax(es) were sent) of the person or entity seeking exclusion; and (b) a signed statement providing that "I/we hereby request that I/we be excluded from the proposed Settlement Class in the Litigation." All persons or entities who timely and validly request exclusion from the settlement will relinquish their rights to benefits under the Settlement Agreement and will not release any claims against Defendant.

11. Any person or entity in the Settlement Class who does not opt-out or object to the settlement in the manner provided herein and in the Settlement Agreement shall be bound by the Settlement Agreement, if approved.

12. Defendant shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than February 17, 2022.

13. Settlement Class Counsel shall file with the Court a list of the individual members of the Settlement Class seeking exclusion by June 8, 2022.

14. The Final Approval Hearing will be conducted on June 28, 2022 at 9:30 a.m. (dial (888) 684-8852; code 7354516) for the purposes of: (i) finally determining whether the requirements of Federal Rules of Civil Procedure 23 are met; (ii) finally determining whether the settlement is fair, reasonable, and adequate, and whether it should be approved by the Court; (iii) finally determining whether the relief and resolution as provided under the Settlement Agreement should be entered; (iv) finally considering the distribution of the Settlement Fund under the terms of the Settlement Agreement; and (v) finally ruling upon such other matters as the Court may deem appropriate. On or before June 8, 2022, Settlement Class Counsel shall file and serve a memorandum in support final approval.

15. All papers in support of the Settlement Agreement, including proposals regarding cy pres recipients, shall be filed no later than June 8, 2022. Any responses to objections shall be filed with the Court on or before June 8, 2022. There shall be no replies from objectors.

16. In the event that the settlement does not become final and the Effective Date does not occur in accordance with the terms of the Settlement Agreement, then this Order shall be null and void and shall be deemed vacated, and any related findings or stipulations shall be deemed vacated.

17. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

18. The Settlement Class Administrator shall establish the Settlement Fund within ten (10) days after entry of this Order. Defendant shall fund $15,340.00 of the Settlement Fund within fourteen (14) days after entry of this Order.

19. Within five (5) days after this Order is entered Defendant or Defendant's Counsel shall provide the Settlement Class Administrator with the Fax List in MS Word or Excel format.

The Fax List shall also contain the number of fax transmissions sent to each unique fax number and any names of the Settlement Class Members.

20. Settlement Class Counsel to file their fee petition by February 22, 2022.

21. All discovery and other pretrial proceedings in the action are stayed and suspended until further order of the Court except such conduct as may be necessary to implement the Settlement Agreement and this Order.

22. The Court retains jurisdiction to consider all further matters arising out of or connected with the settlement and the Settlement Agreement.

ENTERED:

Dated: 1/13/2022

_____
United States Magistrate Judge