**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHICAGO CAR CARE INC., on behalf of plaintiff and the class members defined herein, | ) ) ) | |
| | ) | 19 C 7687 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Harjani |
| | ) | |
| A.R.R. ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**FINAL APPROVAL ORDER**

On January 13, 2022, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the class Settlement Agreement[1] between Plaintiff Chicago Car Care, Inc. ("Plaintiff"), on its own behalf and on behalf of the Settlement Class (as defined below), and Defendant A.R.R. Enterprises, Inc. ("ARR" or "Defendant"), as memorialized in the Settlement Agreement.

On June 28, 2022, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited to appear, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. No persons appeared in Court seeking to address the proposed settlement. Having considered the Parties' Settlement Agreement, Plaintiff's Fee Petition, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement and all other evidence submitted, and good cause having been shown,

---

[1] Unless otherwise defined herein, all capitalized terms used in this Order that are defined terms in the Settlement Agreement shall have the same meaning as set forth in the Settlement Agreement.

**IT IS HEREBY ORDERED THAT:**

1.      This Court has jurisdiction over Plaintiff, Defendant, members of the Settlement Class, and the claims asserted in the Litigation for purposes of settlement only.

2.      The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3.      This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class.  Therefore, all members of the Settlement Class who have not opted out are bound by this Order finally approving the settlement as set forth in the Settlement Agreement.  No Settlement Class Member exercised its right to opt out of the Settlement Agreement.

## Class Certification

4.      The Settlement Class is now finally certified for purposes of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons with fax numbers, who on June 7, 2017, were sent transmissions in the form of Exhibit A, sent by or on behalf of ARR and received on a traditional fax machine or otherwise.

5.      The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class and those questions predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the Settlement Class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Edelman, Combs, Latturner & Goodwin, LLC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

2

6.        Chicago Car Care Inc. is designated as a representative of the Settlement Class.

7.        Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC are appointed as Class Counsel.

### Class Notice

8.        The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Litigation. The Court has approved the forms of notice to the Settlement Class.

9.        With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by facsimile or U.S. mail to each member of the Settlement Class whose identity could be identified through reasonable effort. Settlement Class Counsel also posted the Settlement Agreement (without exhibits), Exhibit A to the complaint, and Class Notice on the firm's website, www.edcombs.com. The Class Notice and Claim Form, the Motion for Preliminary Approval, the Preliminary Approval Order, complaint, Exhibit A to the complaint, answer, and Settlement Class Counsel's fee petition and Settlement Agreement (without exhibits) were also posted on www.ARRFaxSettlement.com. A supplemental notice was also given by facsimile and U.S. mail to each member of the Settlement Class who did not respond to the initial notice. These forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

A total of 160 valid and timely claim forms were submitted.

3

10.     The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1715.

## Objections and Opt-Outs

11.      No objections were filed by any of the Settlement Class Members.

12.     No persons and entities submitted requests for exclusion.

## Class Compensation

13.     In accordance with the terms of the Settlement Agreement, A.R.R. Enterprises, Inc. shall provide a total of $315,000.00 to the Settlement Fund, less any costs already advanced for notice and administrative expenses,[2] of $15,340.00, pursuant to the terms of the Settlement Agreement.  No portion of the Settlement Fund shall revert back to Defendant.

## Releases

14.     Upon entry of this Order Finally Approving the Settlement, Plaintiff and each Settlement Class Member shall be deemed to have granted the releases set forth in the Settlement Agreement.

## Award of Attorneys' Fees, Costs, and Incentive Award

15.     The Court has considered Settlement Class Counsel's application for attorneys' fees and costs.  The Court awards Settlement Class Counsel the sum of $99,886.66 as an award of attorney's fees and costs to be paid exclusively from the Settlement Fund, and finds this amount of fees and expenses are fair and reasonable. This award shall be distributed to Settlement Class

---

[2] Defendant A.R.R. Enterprises, Inc. has already deposited $15,340.00 into the Settlement Fund.

Counsel within fourteen (14) days following the Effective Date as that term is defined in the Settlement Agreement.[3]

16.     The Court grants Settlement Class Counsel's request for an incentive award to the class representative, and awards $10,000.00 to Chicago Car Care, Inc., to be paid exclusively from the Settlement Fund. The Court finds that these payments are justified by the class representative's service to the Settlement Class. These awards shall be distributed to Chicago Car Care Inc. within fourteen (14) days following the Effective Date as that term is defined in the Settlement Agreement.

## Other Provisions

17.     The Parties to the Settlement Agreement shall carry out their respective obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force and effect of an order of this Court.

18.     Neither the Settlement Agreement, the Preliminary Approval Order, this Order finally approving the settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, and Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as, used as, or deemed to be evidence of an admission or concession of any kind by or against any person, including Plaintiff, Defendant, or any of the Released Parties, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order. This Order is not a finding of the validity or invalidity of any claims or a

---

[3] The "Effective Date" is defined in the Settlement Agreement to mean the date upon which all of the following occurs: (a) the Court enters this Final Approval Order; and (b) the expiration of five (5) business days after the date this Final Approval Order becomes final and non-appealable.

5

determination of any wrongdoing by the Defendant or any of the Released Parties. This Order does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class, or the Defendant.

19.     The Court orders A.R.R. Enterprises, Inc., to deliver the Net Settlement Fund to the Settlement Class Administrator within ten (10) days after the Effective Date as that term is defined in the Settlement Agreement.

20.     The Settlement Class Administrator shall take all reasonable steps necessary to ensure that the settlement is effectuated in a manner consistent with the Settlement Agreement.

21.     The Settlement Class Administrator shall distribute the Settlement Class Recovery to the Settlement Class Members in accordance with the provisions of this Order and the parties' Settlement Agreement, within thirty (30) days following the Effective Date as that term is defined in the Settlement Agreement.

22.     In the event that settlement payments to Settlement Class Members exceed the threshold amounts that must be reported to the Internal Revenue Service by means of an IRS Form 1099, the Settlement Class Administrator will mail W-9 forms to the Settlement Class Members within twenty-one (21) days after entry of this Final Approval Order. W-9 forms will also be available on the Settlement Class Administrator's website.  Settlement Class Members have thirty (30) days to respond to a request to complete a W-9 form.  If a Settlement Class Member does not submit a W-9 form, the settlement payment will be limited to $599.99.

23.      The Settlement Class Administrator shall make the *cy pres* payment, if any, to Electronic Privacy Information Center (EPIC) forty-five (45) days after expiration of the last void date on all of the Settlement Class Members' checks (i.e., both Initial Distributions and Second

Distributions, if any). Any *cy pres* funds paid to EPIC shall be earmarked for work associated with protecting consumers under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

24. On and after the Effective Date, Plaintiff and the Settlement Class Members, and each of them, are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, or litigating any proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims.

25. The Court further orders that upon the Effective Date, the Settlement Agreement and its releases will be binding on, and have *res judicata* preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and/or the Settlement Class Members asserting any of the Released Claims against any of the Released Parties.

26. Settlement Class Counsel shall file a declaration of final accounting of the settlement by January 19, 2023, if there is no Second Distribution. If there is a Second Distribution, Settlement Class Counsel shall file a declaration of final accounting by May 3, 2023.

27. The Parties shall carry out their respective obligations under the Settlement Agreement and as ordered herein.

28. The parties shall file a joint status report on January 25, 2023, with an update on the final accounting of the settlement and stating whether a Second Distribution has occurred or whether a dismissal order may be entered. If a Second Distribution has occurred, a hearing on the final accounting of the settlement and for entry of a dismissal order is set for May 16, 2023, at 9:30 a.m. (dial (888) 684-8852; code 7354516).

29. Further status on settlement is set for January 30, 2023, at 9:15 a.m. (dial (888) 684-8852; code 7354516).

ENTER:

Dated: <u>June 30, 2022</u>

_____
United States Magistrate Judge